UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY E. RALSTON,

                Plaintiff,                        Civil Action Number 09-cv-14790

      v.                             District Judge Mark A. Goldsmith
                                      Magistrate Judge Laurie J. Michelson

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                Defendant.
_____/

**REPORT AND RECOMMENDATION REGARDING
PLAINTIFF'S APPLICATION FOR ATTORNEY FEES UNDER THE EAJA [37]**

     Mary E. Ralston ("Plaintiff") appealed a final decision of the Commissioner of Social Security ("Commissioner") denying her application for Social Security benefits. (Dkt. 1, Compl.) The Court rejected Magistrate's Judge Donald E. Scheer's Report and Recommendation and remanded the case to an Administrative Law Judge ("ALJ") for further proceedings. (Dkts. 35, Opinion and Order.)  Now before the Court is Plaintiff's application for attorneys' fees under the Equal Access to Justice Act ("EAJA").

**I. RECOMMENDATION**

     For the reasons set forth below, this Court **RECOMMENDS** that (1) Plaintiff's motion for attorneys' fees be **GRANTED**; (2) fees in the amount of $7563.50 be awarded to Plaintiff; and (3) the fee award be payed directly to Plaintiff's counsel.

1

**II. REPORT**

    **A.  Background and Procedural History**

    Plaintiff filed applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on September 27, 2006.  (Tr. 81-88.)  Plaintiff's applications were denied on March 22, 2007.  (Tr. 37-38, 41-49.)  Plaintiff filed a timely Request for Hearing on March 28, 2007, and a hearing was held on April 25, 2008, before ALJ James Alderisio.  (Tr. 21-36, 50.)  In a March 9, 2009 decision, the ALJ denied Plaintiff's applications.  (Tr. 9-19.)  Plaintiff then filed a timely Request for Review on March 27, 2009.  (Tr. 79-80.)  On August 28, 2009, the Appeals Council denied Plaintiff's request, rendering the ALJ's decision the final determination of the Commissioner. (Tr. 5-8.)

    Pursuant to 42 U.S.C. § 405(g), Plaintiff filed a timely civil action in the U.S. District Court for the Eastern District of Michigan on December 8, 2009.  (Dkt. 1, Compl.)  Magistrate Judge Donald E. Scheer issued a Report and Recommendation to  affirm the ALJ opinion.  (Dkt. 29, Report and Recommendation.)  On March 25, 2011, District Court Judge Mark A. Goldsmith rejected the Magistrate Judge's Report and Recommendation and remanded the case for further proceedings. (Dkts. 35, Opinion and Order.)  The Court concluded that the findings by the ALJ and corresponding cited medical evidence failed to build a logical bridge to the RFC assessment of "light work."  (Dkt. 35, Opinion and Order at 7.)  The Court further found that the ALJ's narrative failed to discuss certain evidence of Plaintiff's lower extremity problems and made no mention of how Plaintiff's obesity factored into the physical RFC assessment.  (*Id.* at 8.)  Lastly, the Court found it was not harmless error for the ALJ to fail to inquire about conflicts between the VE's testimony and

DOT. (*Id.* at 11.) On May 16, 2011, the Court entered a judgement that "remanded the case for further administrative proceedings consistent with the Court's Opinion." (Dkt. 36, Judgment.) On June 15, 2011, Plaintiff filed an application for attorneys' fees under the EAJA in the amount of $7,204.00.[1]

### B. Analysis

The EAJA provides that

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to [28 U.S.C. § 2412(a)], incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412 (d)(1)(A). Therefore, to be entitled to EAJA fees, a court must find that (1) the party seeking fees was a prevailing party in a civil action; (2) the party timely filed an application for fees; (3) the position of the Agency was not substantially justified; and (4) the fees requested are reasonable. 28 U.S.C. §2412(d)(1)(B); *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

It is not disputed here that Plaintiff is a prevailing party and timely filed an application for fees.[2] The Commissioner, however, does dispute Plaintiff's claim that the government was not

---

[1] Plaintiff is actually seeking $7,731.00 in attorney's fees. First, Plaintiff miscalculated the amount sought in her original brief as $7204.00. (Dkt. 37, Pl. Mot. at 7.) The true amount is $7221.00. Then, in her Reply Brief, Plaintiff requested $510 for having to file a Reply. (Dkt. 41, Pl.'s Reply at 7.)

[2] *Shalala v. Schaefer,* 509 U.S. 292, 300-01 (1993) (Plaintiff is a prevailing party by virtue of remand made pursuant to sentence four of 42 U.S.C. § 405(g)); *Lewin v. Comm'r of Soc. Sec.,* No. 1:08-CV-00223, 2011 U.S. Dist. LEXIS 46028, at *2-3 (S.D. Ohio Apr. 29, 2011) ("[A] claimant who obtains a sentence-four judgement reversing a denial of benefits for further

substantially justified.  (Dkt. 40, Def's Resp. at 6.)  The Commissioner also challenges the amount of the  EAJA fees requested by Plaintiff. (Dkt. 40, Def's Resp. at 8-14.)

### 1. Substantial Justification

If the position of the United States was "substantially justified," a court must deny an application for attorney fees under the EAJA. 28 U.S.C. § 2412(d)(1)(A).  The Commissioner bears the burden of proving that his position was "substantially justified" in law and fact at both the administrative and court stages of adjudication.  *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The Supreme Court defines "substantially justified" as "justified in substance or in the main . . . to a degree that could satisfy a reasonable person."  *Pierce,* 487 U.S. at 565.  The Sixth Circuit has explained that "[t]he Supreme Court has equated this standard with a reasonable basis both in law and fact, and the position of the government will be deemed to be substantially justified if there is a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action."  *Noble v. Barnhart*, 230 F.App'x 517, 519 (6th Cir. 2007).  Further, "[w]hen evaluating the Commissioner's position, [courts] consider the ALJ's decision as part of the Commissioner's pre-litigation conduct."  *Id.* at 519.

Whether or not the Commissioner was substantially justified is a separate question from whether the decision of the ALJ was supported by substantial evidence.  *Cummings v. Sullivan*, 950 F.2d 492, 498 (7th Cir. 1991).  The fact that the Commissioner's decision is reversed for lack of substantial evidence does not necessarily mean that the Commissioner's decision was not substantially justified for purposes of the EAJA:

consideration qualifies as a 'prevailing party' and thus may petition for EAJA fees.").

> [O]bviously, the fact that one court agreed or disagreed with the
> government does not establish whether its position was substantially
> justified. Conceivably, the Government could take a position that is
> not substantially justified, yet win; even more likely, it could take a
> position that is substantially justified, yet lose.

*Pierce*, 487 U.S. at 569. Indeed, a decision may be substantially justified even if it was not

supported by substantial evidence. *Scarborough v. Principi*, 541 U.S. 401, 415 (2004)

(Government's position can be substantially justified even if the Government lost on the merits).

Plaintiff contends that the Government's position was not substantially justified. (Dkt. 37,

Pl's Mot. at 2-4). More specifically, Plaintiff contends that the ALJ ignored significant evidence

regarding Plaintiff's ability to sustain a range of light work. (Dkt. 41, Pl's Rep. at 2-3.) Plaintiff

further argues that the ALJ failed to follow the requirements of SSR 00-4p, which was not harmless

error, particularly where the Vocational Expert ("VE") failed to provide Dictionary of Occupational

Titles ("DOT") numbers.[3] (Dkt. 41, Pl's Rep. at 3.); *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601,

606 (6th Cir. 2009) (noting the "affirmative duty [created by SSR 00-4p] on ALJs to ask VEs if the

evidence that they have provided conflicts with the information provided in the DOT") (internal

quotations omitted). The Government contends that deficiencies in articulation do not preclude a

finding that the Government was substantially justified and should not do so in this case because

there were valid reasons for doubting Plaintiff's allegation of disability. (Dkt. 40, Def's Resp. at 7-

8.)

---

[3] SSR 00-4p states that "[w]hen a VE . . . provides evidence about the requirements of a
job or occupation, the adjudicator has an affirmative responsibility to ask about any possible
conflict between that VE . . . evidence and information provided in the DOT. In these situations,
the adjudicator will: Ask the VE . . . if the evidence he or she has provided conflicts with
information provided in the DOT; and If the VE's . . . evidence appears to conflict with the
DOT, the adjudicator will obtain a reasonable explanation for the apparent conflict."

The Commissioner is correct that although an ALJ may not articulate his findings very clearly, "such failures do not necessarily render the Government's position not substantially justified." *Halbrook v. Astrue*, No. 2:07-cv-150, 2010 U.S. Dist. LEXIS 81680, at *9-10 (W.D. Mich. Aug. 11, 2010); *Saal v. Comm'r of Soc. Sec.*, No. 1:08-cv-347, 2010 U.S. Dist. LEXIS 69845 at *2 (W.D. Mich. June 24, 2010) ("The ALJ's failure to articulate his reasoning . . . does not, in and of itself, establish that there was no reasonable basis for the ALJ's decision to deny benefits."). This is especially true when the case is "not a case where the claimant presented overwhelming proof of disability." *Saal*, 2010 U.S. Dist. LEXIS 69845, at * 2. As the District Court pointed out, the problem here is that the ALJ failed to consider and/or discuss significant evidence bearing on the disability issue. For example, the ALJ did not discuss certain evidence of Plaintiff's lower extremity problems – including the opinion of a physical therapist who stated that Plaintiff was disabled, and could stand or walk less than two hours in an eight-hour day, and could sit for less than six hours in an eight-hour day. (Dkt. 35 at 8.) Similarly, the ALJ's acknowledgment that Plaintiff "was advised to lose weight" was insufficient to explain how Plaintiff's obesity factored into the RFC assessment and whether it caused any physical or mental limitations. *Priestly v. Astrue*, No. 6:08-546, 2009 WL 1457152, at *14 (D.S.C May 22, 2009); *Besecker v. Astrue*, No. 3:07CV0310, 2008 WL 4000911, at *5-6 (S.D. Ohio Aug. 28, 2008). In other words, the errors found here involve more than just a failure to articulate reasoning. *Karadsheh v. Comm'r of Soc. Sec.,* No. 1:08-cv-988, 2010 U.S. Dist. LEXIS 111708 (W.D. Mich., Sept. 17, 2010) *report adopted by* 2010 U.S. Dist. LEXIS 111784 (W.D. Mich. Oct. 20, 2010) (court found the government's position was not substantially justified where the ALJ failed to articulate good reasons for rejecting a treating physician's opinion and performed an incomplete review of the medical records).

The Court does not need to decide if this ALJ error alone renders the Government's case not substantially justified in light of Plaintiff's other assignment of error – that the VE's testimony was inconsistent with the DOT, and the VE did not provide DOT codes for jobs that the VE testified Plaintiff could perform. This conflict remained unresolved in the ALJ's decision. As the District Court ruled:

> While the mere failure to ask about a conflict with DOT may, in some instances, be harmless error, in this case there is insufficient information for the Court to so conclude. In particular, neither the ALJ nor VE provided DOT codes for any of the provided jobs. (Tr. 35.) Instead, the VE merely provided job availability information for "[h]ousekeeping/cleaners" and "office clerks, officer helper as an example." (Tr. 35.) This is problematic because Plaintiff asserts that an "office clerk" is an "administrative clerk," (DOT No. 219.362-010) which is a "semi-skilled" job beyond Plaintiff's RFC, while the Commissioner equates "office clerk" with "mail clerk" (DOT No. 209.687-026), which he asserts is "unskilled" work.

(Dkt. 35, Opinion and Order at 12.) Therefore, the ALJ did not comply with SSR 00-4p. *Allshouse v. Comm'r of Soc. Sec.*, No. 07-12516, 2009 U.S. Dist. LEXIS 115810, at *7-8 (E.D. Mich. Nov. 16, 2009). As such, the ALJ's decision, and the Government's Motion for Summary Judgment defending that decision, did not have a reasonable basis in law. *Tackett v. Astrue*, No. 09-cv-13803, 2011 U.S. Dist. LEXIS 81344, at *7 (E.D. Mich. July 26, 2011) ("Because the ALJ failed to ask the VE about inconsistencies with the DOT as required by SSR 00-4p, the ALJ did not follow established law.").

In sum, when an ALJ fails to follow established law and "clear congressional guidance," the defendant's position cannot be substantially justified. *Reese v. Sullivan*, 925 F.2d 1395, 1397 (11th Cir. 1991); *Washington v. Heckler*, 756 F.2d 959, 962 (3d Cir. 1985) ("When the Government's legal position clearly offends established precedent, however, its position cannot be said to be

'substantially justified.'"). Accordingly, Plaintiff is entitled to attorneys' fees pursuant to the EAJA.

### 2. Reasonableness of Fees

Plaintiff is represented by Daley, DeBofsky & Bryant, a Chicago-based law firm. She is seeking payment for 8.55 attorney hours at $170/hour, 44.3 law clerk hours at $125/hour, and 2.13 paralegal hours at $100/hour. (Dkt. 37, Pl's Mot. at 7.) Additionally, Plaintiff seeks $510 for three hours spent drafting her EAJA Reply Brief. (Dkt. 41, Pl's Rep. at 7.) The Government does not challenge the hours spent on the case, but contends that the hourly rates should be reduced across the board. (Dkt. 40, Def's Resp. at 8-14.) Under EAJA, the amount of attorney fees awarded

> shall be based upon the prevailing market rate for the kind and quality of services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A). The party seeking attorney fees bears the burden of proving the reasonableness of the claimed hourly rates. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Plaintiff must produce evidence to support an increase in fees over the statutory hourly rate. *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009).

Court's regularly utilize the lodestar approach to calculate attorneys fees, "multiplying the number of hours reasonably expended on the litigation times a reasonably hourly rate." *Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989). The EAJA bases attorney fees on the market rate, but also caps the hourly rate at $125 per hour unless an increase in the cost of living or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). Although the EAJA limits attorneys fees to the litigation process, this includes the EAJA application process. *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 162

8

(1990). While a court must award compensation for all time reasonably expended, it should exclude time that is excessive, redundant, or inadequately documented. *Hensley*, 461 U.S. at 433-34.

### i. Attorney Rate

The appropriate market for calculating attorneys' fees is the market in which the court sits. *Zanon v. Astrue*, No. 08-15337, 2010 WL 1524143, at *4 (E.D. Mich. Apr. 15, 2010) (citing *Davis v. Mason County*, 927 F.2d 1473, 1488 (9th Cir. 1991); *Polk v. New York State Department of Correctional Services*, 922 F.2d 23, 25 (2d Cir. 1983); *Avalon Cinema Corp. v. Thompson*, 689 F.2d 137, 140 (8th Cir. 1982)). Plaintiff resides in the Eastern District of Michigan and her case was appropriately filed here. Presumably, she could have retained counsel here. Under these circumstances, the Court finds that the relevant market for calculating attorneys fees is the Detroit market. *Id.*

Plaintiff asserts that attorney fees should be calculated by beginning with the statutory cap and then adjusting for an increase in the cost of living based on the Consumer Price Index (CPI-U). (Dkt. 37, Pl's Mot. at 4). According to the U.S. Department of Labor's CPI-U for the Detroit-Ann Arbor-Flint area, the consumer price index as of February 2011 was 206.816.[4] The CPI-U was 151.3 in March 1996 when the $125 per hour cap was established. "The Court notes precedent within this District for adjusting the statutory rate for inflation and applying the Consumer Price Index." *Allshouse v. Comm'r of Soc. Sec.*, No. 07-12516, 2009 WL 4884968, at *6 (E.D. Mich. Dec. 11, 2009) (citing *Fauss-Miller v. Comm'r of Soc. Sec.*, No. 06-12079, 2008 WL 2415432, at *3 (E.D. Mich. June 12, 2008)). Thus, multiplying $125 per hour times the ratio of 206.816 divided by 151.3

---

[4] Plaintiff became a prevailing party on March 25, 2011, when the Court remanded her case to the ALJ. February is the closest date with available data.

9

equals a cost of living increase to $170.86. A nearly identical hourly rate was previously accepted for the same attorney in *Zanon v. Astrue*, No. 08-15337, 2010 WL 1524143, at *4 (E.D. Mich. Apr. 15, 2010) ($170.00 per hour). Accordingly, the Court will apply a rate of $170 per hour for attorneys' fees.[5]

Plaintiff also requests $510 for three hours her attorney spent drafting a reply brief. (Dkt. 41, Pl's Resp. at 7). This Court finds that three hours is a reasonable amount of time to prepare a seven page reply brief for which counsel did limited new research. *See Killings v. Comm'r of Soc. Sec.*, No. 1:09CV845, 2009 U.S. Dist. LEXIS 108524, at *7 (N.D. Ohio Oct. 28, 2009) (finding two hours to prepare a three page brief reasonable); *Titus v. Astrue*, No. 1:08CV2093, 2009 U.S. Dist. LEXIS 113219, at *16-17 (N.D. Ohio Oct. 14, 2009) (finding 5.75 hours spent on a reply brief reasonable); *McNelis v. Comm'r of Soc. Sec.*, No. 08-12529, 2011 U.S. Dist. LEXIS 17436, at *8-9 (E.D. Mich. Feb. 23, 2011) (awarding fee for reply brief that required five hours of work (two hours for attorney and three hours for law clerk)).

### ii. Paralegal and Clerk Rates

Plaintiff is also seeking an hourly rate of $125.00 for the law clerk work performed by Suzanne Blaz, who had already earned her J.D. at the time she performed the work, and an hourly rate of $100.00 for the work performed by paralegal Ben-Dov Lubelchek. (Dkt. 37, Pl's Mot. at 7.) The Commissioner asserts that these hourly rates are excessive and proposes instead an hourly rate of $75.00, which was the median rate for paralegal billing in Michigan in 2007. (Dkt. 40, Def's Resp. at 12-14.)

---

[5] The lead counsel, Frederick Daley, has been a practicing attorney since 1973 and has represented social security disability benefits claimants throughout his career. *Zaron*, *supra*.

10

Recognizing that Ms. Blaz is an experienced law clerk who has earned a J.D., courts have granted the requested $125/hour rate, and even higher, for her work. *Zanon*, No. 08-15337, 2010 WL 1524143, at *4; *Vanner v. Comm'r of Soc Sec.,* No. 09-CV-12082, 2011 U.S. Dist. LEXIS 72302, at *8-9 (E.D. Mich. July 6, 2011) ($125.00 per hour). In light of these cases and Ms. Blaz's experience and education, the Court finds $125.00 to be a reasonable rate for her work.

Plaintiff requested reimbursement for 0.3 hours of work performed by Blaz in seeking an extension of time to file Plaintiff's brief in this case. (Dkt. 37, Pl. Mot. at Ex. C, 1.) "While modest in amount, the time that Plaintiff's counsel devoted to file an extension . . . because of an inability to meet filing deadlines is not properly billed to the government." *Wright v. Astrue*, No. 06-13252, 2008 WL 878795, at *3 (E.D. Mich. Mar. 28, 2008); *Holland v. Barnhart*, No. 02 C 8398, 2004 WL 419871, at *2 (N.D. Ill. Feb. 3, 2004) ("We do agree with the Commissioner's contention, however, that it was unreasonable for Holland's attorneys to bill the Commissioner for time spent preparing a motion for extension of time."); *Stanley v. Astrue*, 3:09-cv-498, 2011 U.S. Dist. LEXIS 51583, at *4 (S.D. Ohio May 4, 2011). Accordingly, Ms. Blaz's hours should be reduced by 0.3 hours.

Finally, Plaintiff requests $100.00 per hour for the 2.13 hours of work performed by Ms. Lubelcheck, the paralegal. (Dkt. 37, Pl's Mot. at 7.) The Commissioner noted that about half of this time was spent working on clerical or administrative tasks. (Dkt. 40, Def's Resp. at 13; Dkt. 37, Pl. Mot. at Ex, C, 1-2.) Plaintiff has failed to respond to this allegation. As requested by the Commissioner, 1.13 hours of Lubelchek's time will be deducted from Plaintiff's EAJA petition. *See Vanner*, 2011 U.S. Dist. LEXIS 72302, at *8 (reducing plaintiff's requested hours when plaintiff failed to address defendant's clerical argument); *Drain v. Astrue*, No. 2:10-cv-0025, 2011 U.S. Dist. LEXIS 1160, at *7-8 (S.D. Ohio Jan. 6, 2011) (same).

11

The Court finds that $100.00 per hour rate for the remaining one hour of Lubelchek's work is reasonable.  Lubelchek is an experienced professional and began working as a paralegal in 2009.  (Dkt. 37, Pl. Mot. at Ex. D).   Plaintiff included a 2004 National Utilization and Compensation Survey Report, which stated that legal assistants had a billing rate of $95 per hour in the Great Lakes region.  (Dkt. 37, Pl. Mot. at Ex. F, 3). Additionally, other courts in this Circuit have granted the same, if not higher, hourly rates for paralegal work. *Tackett*, 2011 U.S. Dist. LEXIS 81344, at *2; *Vanner*, 2011 U.S. Dist. LEXIS 72302, at *8; *Forest Serv.Emps. for Envtl. Ethics v. United States Forest Serv.*, 2010 U.S. Dist. LEXIS 131862, at *13 (W.D. Ky. Dec. 14, 2010) ($100.00 per hour).

In sum:  the rate of $170.00 per hour should be applied to the requested 8.55 attorney hours for a total of $1,453.50.  In addition, $510.00 should be awarded for three hours of attorney work spent on preparing a reply brief.  The hourly rate of $125.00 should be applied for the 44 law clerk hours for a total of $5,500.00.  Finally, the hourly rate of $100.00 should be applied for the one hour of paralegal work for a total of $100.00.  Altogether, this equates to an award of $7,563.50.

### 3. Fees Should be Paid Directly to Plaintiff's Attorney

The EAJA provides, in pertinent part, that the court must award fees "to a prevailing party." 28 U.S.C. §2412(d)(1)(A).  The Commissioner contends that the Court should direct any award of EAJA fees to Plaintiff, not Plaintiff's attorney, citing the Supreme Court's decision in *Astrue v. Ratliff*, 130 S.Ct. 2521 (2010).  (Dkt. 40, Def's Resp. at 14-16.)  Plaintiff asserts that she has executed an assignment of any EAJA fee award to her attorney.  (Dkt. 41, Pl's Rep. at 6.)  The *Ratliff* Court recognized that the government may pay EAJA awards directly to attorneys after determining that there is no debt to offset and there is a valid assignment. *Astrue*, 130 S.Ct. at 2528-29.  In this case, Plaintiff created a valid assignment (Dkt. 37, Pl. Mot. at Ex. H), and counsel

12

submitted a release to the treasury and verified that there are no debts.  Therefore, this Court finds that the Commissioner may pay fees directly to Plaintiff's counsel without running afoul of *Ratliff*.

### C. Conclusion

Based on the foregoing, this Court **RECOMMENDS** that (1) Plaintiff's motion for attorney fees be **GRANTED**; (2) fees in the amount of $7563.50 be awarded to Plaintiff; and (3) the fee award be payed directly to Plaintiff's counsel.

## III. FILING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right to appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991): *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court.  The response shall address each issue

contained within the objections specifically and in the same order raised.


s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES MAGISTRATE JUDGE

Dated:  August 30, 2011


CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on August 30, 2011.


s/Jane Johnson
Deputy Clerk

14